# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MANUEL GUTIERREZ, | Case No. 1:25-cv-01272-SKO |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | (Doc. 1) |
| _____ / | |

## I.    INTRODUCTION

Plaintiff Manuel Gutierrez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.)  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

## II.    BACKGROUND

Plaintiff protectively filed a claim for SSI payments on March 8, 2022, alleging he became disabled on October 12, 2021, due to a broken right hip and pelvis; a broken leg; depression; brain damage as a result of being hit by a car at the age of six; being a slow learner; difficulty thinking of words to use; right arm nerve damage; left arm bone and tissue damage; left eye injury with

_____

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (*See* Doc. 9.)

decreased vision; dizzy spells; and poor equilibrium. (Administrative Record ("AR") 17, 145, 162, 355–67.)

Plaintiff was born in 1984 and was 37 years old on the alleged disability onset date. (AR 144, 161, 475.) He has at least a high school education and previously worked as a kitchen helper. (AR 32, 61, 94, 466, 481, 505.)

## A.    Administrative Proceedings

The Commissioner denied Plaintiff's application for benefits initially on August 17, 2022, and again on reconsideration on March 30, 2023. (AR 17, 186–90, 194–99.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (AR 200–56.) The ALJ conducted a telephonic hearing on August 29, 2024. (AR 80–114.) Plaintiff appeared at the hearing with his attorney and testified as to his alleged disabling conditions and work history. (AR 90–108.) A Vocational Expert (VE) also testified at the hearing. (AR 108–14.)

## B.    The ALJ's Decision

In a decision dated November 26, 2024, the ALJ found that Plaintiff was not disabled, as defined by the Act. (AR 17–34.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 416.920. (AR 20–34.) The ALJ decided that Plaintiff had not engaged in substantial gainful activity since October 21, 2021, the alleged onset date (step one). (AR 21.) At step two, the ALJ found Plaintiff's following impairments to be severe: history of gunshot wounds; posttraumatic osteoarthritis of the right hip, status-post open reduction internal fixation of the right acetabulum; mild degenerative disc disease at L5-S1; major depressive disorder; posttraumatic stress disorder (PTSD); generalized anxiety disorder; and methamphetamine and cannabis use disorders. (AR 20–23.) If Plaintiff stopped his substance use, he would not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 23–26.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[2] and applied the

_____

[2] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id*. "In determining a claimant's

assessment at steps four and five.  *See* 20 C.F.R. § 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").  The ALJ determined that if Plaintiff stopped his substance use, he would have the RFC:

> to perform light work as defined in 20 CFR [§] 416.967(b) except he could occasionally climb, balance, stoop, kneel, crouch, and crawl.  He would have to avoid concentrated exposure to hazards such as unprotected heights and moving machinery.  He would have to avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, and gases.  He could use a cane for long distance ambulation, defined as more than 200 feet, or for ambulating on uneven terrain.  He would have to be allowed to change from sit to stand and back for up to 3 minutes every hour while remaining on task.  He could understand, remember, and carry out simple work instructions with occasional interaction with coworkers and supervisors but no direct interaction with the public except incidental or superficial, as needed to perform job duties.  He could tolerate occasional changes to a routine work environment.

(AR 25–30.)   Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to produce the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  (AR 26.)

The ALJ determined that Plaintiff could not perform his past relevant work (step four) but that, given his RFC and if he stopped his substance use, he could perform a significant number of jobs in the national economy, specifically delivery marker, bench assembler, and inspector (step five). (AR 32–33.)  The ALJ concluded Plaintiff was not disabled at any time from the October 12, 2021, the alleged onset date, through the date of the decision.  (AR 33–34.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on July 22, 2025.   (AR 1–6.)   Therefore, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. § 416.1481.

---

RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

### III.    LEGAL STANDARD

**A.    Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act."  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920.  The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments.  If not, the claimant is not disabled.  If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1.  If so, the claimant is automatically presumed disabled.  If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy.  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants).  "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps."  *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis."  *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).

"However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.      Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*,

533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.   DISCUSSION

Plaintiff asserts that the RFC was not supported by substantial evidence because 1) the ALJ independently interpreted medical records without the aid of a medical expert rather than further developing the record; and 2) the ALJ failed to offer clear and convincing reasons for rejecting Plaintiff's subjective symptom complaints. (Doc. 15.) The Court agrees that that the ALJ's RFC determination lacks the support of substantial evidence and will remand for further proceedings on that basis.

## A.   The ALJ's Physical RFC Determination is Not Supported by Substantial Evidence

An RFC is the most a claimant can do despite their limitations and is based upon all relevant evidence in the record, including medical records, medical source statements, and symptom testimony. 20 C.F.R. § 416.945(a)(1)–(3); *Shafer v. Barnhart*, 120 F. Appx. 688, 698 (9th Cir. 2005). It is the ALJ's responsibility to make the RFC assessment and to translate the medical evidence into the RFC. 20 C.F.R. § 416.946(c); *Rounds v. Comm'r SSA*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). Indeed, the ALJ's RFC determination need not mirror any particular provider's opinion. *See e.g.*, *Petrini v. Berryhill*, 705 F. App'x. 511, 512 (9th Cir. 2017).

In this case, the State agency medical consultants found that there was "insufficient evidence" to evaluate Plaintiff's physical impairments. (AR 31, 138, 154, 171.) The ALJ considered these statements but did not assign them persuasive value because "insufficient evidence findings are not an opinion on functioning." (AR 31.) A medical opinion regarding the effects of Plaintiff's physical impairments was also provided by his primary care physician Simranjeet Kaur, M.D., who opined that Plaintiff had "limited ambulation" and "difficulty sitting for long periods." (AR 1266.) The ALJ deemed the opinion "not persuasive" because it was "vague and unquantified, and not stated in vocationally relevant terms." (AR 31.) Thus, the ALJ's RFC determination concerning Plaintiff's physical functional limitations appears to have been based solely on a review of the

medical evidence and Plaintiff' subjective complaints, which is improper.  The ALJ was not qualified to translate the evidence into functional limitations and engage in their "own exploration and assessment" of Plaintiff's impairments.  *See McAnally v. Berryhill*, Case No.: 3:18-cv-02272-GPC-RNB, 2020 WL 1443734, at *7 (S.D. Cal. Mar. 25, 2020) (quoting *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)).

The Commissioner is correct that "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." (Doc. 18 at 9 (quoting *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022)).  However, an ALJ is not permitted to render their own medical opinions or independently assess clinical findings.  *Tackett*, 180 F.3d at 1102–03 ("It is well-settled that an ALJ may not render [their] own medical opinion and is not empowered to independently assess clinical findings."); *Miller v. Astrue*, 695 F.Supp.2d 1042, 1048 (C.D. Cal. 2010) (concluding that an ALJ may not act as their own medical expert); *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("[the ALJ] must not succumb to the temptation to play doctor and make [their] own independent medical findings.")).  Ninth Circuit courts have found that "barring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decisions." *Bradford v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00232-TUC-SHR (JR), 2022 WL 4538569, at *5 (D. Ariz. Aug. 18, 2022); (quoting *Howell v. Kijakazi*, No. 20-CV-2517-BLM, 2022 WL 2759090, at *7 (S.D. Cal. July 14, 2022)); *Walker v. Comm'r of Soc. Sec.*, Case No. 2:22-cv-01871-EJY, 2024 WL 64784, at *6 (D. Nev. Jan. 4, 2024) ("While the ALJ 'can pick and choose between opinions expressed by the experts,' when an ALJ decides severity or residual functional capacity 'without the support of any of the medical opinion evidence,' this is error.") (quoting *Holtan v. Kijakazi*, 2:22-cv-01222-VCF, 2023 WL 2424648, at *3 (D. Nev. Mar. 9, 2023)).  When there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence, the ALJ has a duty to develop the record irrespective of whether the claimant is represented by counsel.  *Ford*, 950 F.3d at 1156 (quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

7

The absence of a medical opinion is not necessarily fatal, but the RFC determination still must be supported by substantial evidence. *Tackett*, 180 F.3d at 1102–03. This Court is mindful that the ALJ, not this Court, is responsible for resolving conflicts in the evidence and that "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459–60. Further, an ALJ is not automatically obliged to order an independent evaluation/examination upon the request of Plaintiff's attorney. *See Pederson v. Colvin*, 31 F. Supp. 3d 1234, 1244 (E.D. Wash. 2014) ("[T]he Commissioner 'has broad latitude in ordering a consultative examination.'") (quoting *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001)). However, in this case, the ALJ was obliged to exercise caution because "no doctor or other medical expert opined, on the basis of a full review of all relevant records," that Plaintiff could perform work during the relevant period, even with the limitations recognized by the ALJ. *See Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014) (holding that ALJ "should have exercised caution because "no doctor or other medical expert . . . opined, on the basis of a full review of all relevant records, that [Plaintiff] is capable of working or is prepared to return to work") (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)).

In fact, the only "opinions" in the record were either (1) that the evidence was insufficient to render an opinion or (2) "vague," "unquantified," and "not stated in vocational terms." (AR 31.) It is therefore not entirely clear how the ALJ translated the medical evidence into an RFC. The ALJ does not explain how, for example, Plaintiff's treatment notes, imaging results, or testimony provide sufficient indications of Plaintiff's functional limitations and are clear as to their impact on Plaintiff's ability to work. *See Howell v. Kijakazi*, No. 20-CV-2517-BLM, 2022 WL 2759090, at *7 (S.D. Cal. July 14, 2022) (MRIs, radiological studies, and X-rays "generally reflect only the findings, impressions, and medical diagnoses, which are difficult for a lay person to interpret."); *Hurt v. Kijakazi*, No. 3:20-CV-00481-CSD, 2022 WL 444355, at *9–10 (D. Nev. Feb. 14, 2022) ("When the 'medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities . . . [the] bare medical findings are unintelligible to a lay person in terms of residual functional capacity.'") (quoting *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 293 (1st Cir. 1986)).

The ALJ was therefore required to obtain a medical expert's opinion to allow for a proper evaluation of Plaintiff's physical capabilities after concluding that he suffered from several severe impairments.  *See Mack v. Saul*, No. 1:18-CV-01287-DAD-BAM, 2020 WL 2731032, at *2 (E.D. Cal. May 26, 2020) (duty to develop where the ALJ improperly determined RFC after considering MRIs and radiological studies absent any doctor's opinion regarding the effect on plaintiff's ability to work on a function-by-function basis); *see also Howell*, 2022 WL 2759090, at *10 ("Because the record was inadequate to establish Plaintiff's current function-by-function capabilities, the ALJ had a duty to further develop the record.  His failure to do so was an error.").  The ALJ did not do so here.  Without a medical expert's opinion to support the conclusion that Plaintiff can perform a range of light work as described in the RFC, the RFC lacks the support of substantial evidence.  *See Holtan*, 2023 WL 2424648, at *3 (finding that the ALJ erred primarily by simply summarizing the medical evidence without making it clear how the ALJ then translated that evidence into the RFC, noting that it was "particularly concerning because the ALJ did not rely on any of the medical opinions, <u>finding all of the medical opinions of record unpersuasive</u>.") (emphasis in original); *De Gutierrez v. Saul*, No. 1:19-cv-00463-BAM, 2020 WL 5701019, at *6 (E.D. Cal. Sept. 24, 2020) ("Without a medical opinion to support the conclusion that Plaintiff was able to perform" a certain level of work, lift and carry certain weight, or sit, stand or walk for certain periods of time, "the ALJ's RFC lacks the support of substantial evidence.") (citing *Perez v. Sec'y of Health & Human Servs.*, 958 F.2d 445, 446 (1st Cir. 1991) ("where an ALJ reaches conclusions about claimant's . . . capacity without any assessment of residual functional capacity by a physician, the ALJ's conclusions are not supported by substantial evidence")); *Shipp v. Colvin*, No. CV 13–9468 JC, 2014 WL 4829035, at *7 (C.D. Cal. Sept. 26, 2014) ("Since . . . the record contains no assessment by a treating or examining doctor regarding the effect of plaintiff's physical impairments on her ability to function, it appears that the ALJ's physical residual functional capacity assessment was erroneously based solely on the ALJ's own, lay interpretation of plaintiff's testimony and other raw medical evidence in the record."); *see also Lorali N. T. v. Kijakazi*, Case No. 4:22-cv-00234-CWD, 2023 WL 3548221, at *10 (D. Idaho May 18, 2023) (collecting cases in the Ninth Circuit where courts routinely find error when an ALJ rejects all medical source opinions and formulates an RFC based on the ALJ's

own interpretation of the medical record.).

**B.      The ALJ's Error Was Harmful**

The Court must now consider whether the ALJ's error was harmless. *Molina*, 674 F.3d at 1115. Courts look at the record as a whole to determine whether the error alters the outcome of the case. *Id.; March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015).

This Court finds this was harmful error necessitating remand. *Tommasetti*, 533 F.3d at 1038 (ALJ error is harmless if it is "inconsequential to the ultimate nondisability determination."). While the ALJ assessed an RFC restricting Plaintiff to light work with additional limitations, it is still without supporting evidence (and with less restrictive limitations than those contained in Dr. Kaur's rejected medical opinion, *cf. Lamas v. Saul*, No. 1:19-cv-00852-BAM, 2020 WL 6561306, at *9 (E.D. Cal. Nov. 9, 2020) (holding that although ALJ erred in evaluating a claimant's RFC without support from a medical opinion, such error was harmless where the ALJ found more stringent limitations than any medical opinion)). Had the ALJ included different limitations in the RFC based upon a proper review of the evidence and an adequate record, the ultimate disability determination may have been different.[3] *See Clarenda A. S. v. O'Malley*, No. 1:24-CV-00127-DKG, 2024 WL 4851214, at *5 (D. Idaho Nov. 21, 2024) (finding harmful error where the ALJ relied on their own interpretation of the medical records without any medical opinion of Plaintiff's physical functioning in formulating the RFC). Moreover, because the record "[did] not support the assumptions in the hypothetical[s]" posed to the VE, the hypotheticals were incomplete and therefore, the "vocational expert's opinion [had] no evidentiary value." *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001).

**C.      Remand for Further Proceedings is Appropriate**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Here, the Court finds, and Plaintiff agrees (Doc. 15 at 19), that remand for further proceedings is the proper remedy. *See Osborne v.*

---

[3] This is not to say that the disability determination will or should be different, only that the Court cannot determine that the outcome would remain the same upon a correct evaluation of the record.

*Commissioner of Soc. Sec.*, No. 1:22-CV-01538-EPG, 2024 WL 1312202, at *5 (E.D. Cal. Mar. 27, 2024) (remanding for further proceedings where the ALJ relied on their own judgment in assessing the RFC without the support of any medical opinion evidence).  On remand, the Commissioner shall further develop the record, as outlined above, to allow for proper consideration of the medical evidence.

**D.    The Court Declines to Determine Plaintiff's Remaining Assertion of Error**

As the Court finds that remand is appropriate for further development of the record, the Court does not reach Plaintiff's additional assertion of error directed to his subjective symptom complaints, which were discounted because they were inconsistent with and/or unsupported by that undeveloped record (*see* AR 30).  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

**V.    CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is therefore VACATED, and the case is REMANDED to the ALJ for further proceedings consistent with this Order.  The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Manuel Gutierrez and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:  **July 2, 2026**                    /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE

11